**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CENTENE PHARMACY SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:24-cv-00804-SEP |
| ) | |
| CAREMARKPCS HEALTH, L.L.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are the parties' Motions for Leave to File Petition Under Seal, Docs. [5], [7].  For the reasons stated below, the motions are granted.

This case involves a dispute between Plaintiff Centene Pharmacy Services, Inc. and Defendants Caremark PCS Health, L.L.C., and CVS Caremark Part D Services, L.L.C. (collectively, "Caremark"), concerning certain provisions of the parties' contractual agreements. *See* Doc. [21].  The parties request to file under seal "information related to the parties' services, suppliers, customers, costs and pricing data, trade secrets, plans, designs, information regarding operational methods or contractual relationships with Plan Sponsors and Part D Plan Sponsors, and other information of or relating to the parties' businesses." Doc. [7] at 2.  The parties claim that the "Petition and its exhibits fall squarely within materials that district courts routinely seal because they include 'sources of business information that might harm a litigant's competitive standing.'" Doc. [6] at 3 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The parties originally sought to file the entire Petition and its exhibits under seal.  *See* Doc. [6]. After a meet-and-confer, the parties filed an unredacted copy of the Petition and a redacted copy of the exhibits on the public docket.  *See* Doc. [21].  According to the parties, the exhibits they seek to seal "contain numerous provisions that are irrelevant to this case, and thus do not 'directly affect an adjudication.'" Doc. [6] at 3 (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)).

There is a "common-law right of access to judicial records." *IDT Corp.*, 709 F.3d at 1222.  "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir.

2006)). "The district court 'must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) (quoting *IDT Corp.*, 709 F.3d at 1223.). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[J]udicial records and documents generally will 'fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id.* at 1223 (quoting *Amodeo*, 71 F.3d at 1049). When the documents sought to be sealed are filed with dispositive motions, the presumption of public access is harder to overcome. *See Ball-Bey v. Chandler*, 2024 WL 888396, at *4 (E.D. Mo. Feb. 13, 2024) (collecting cases).

In light of "the role of the material at issue in the exercise of Article III judicial power," the sealing motions are granted. At least at this point, the documents do not form the basis for a decision on the merits of the case. The pending motion to dismiss, Doc. [22], appears to rely exclusively on portions of the documents that are unredacted and available for public viewing. *See* Doc. [23], [25], [26]. The Court reserves the right to revisit this ruling if any sealed matter proves to be material to disposition of the pending motion to dismiss or any other future motion.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Motions for Leave to File Petition Under Seal, Docs. [5], [7], are **GRANTED**.

Dated this 31st day of March, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE